UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL ANTHONY JOE,

                Plaintiff,                      Case No. 1:15-cv-693

v.                                      Honorable Janet T. Neff

IONIA COUNTY JAIL,

                Defendant.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff Michael Anthony Joe presently is incarcerated at the Ionia County Jail, which is the sole Defendant named in Plaintiff's complaint.[1]

Plaintiff's factual allegations, in their entirety, read as follows:

I am being extorted through telepathy and treated with cruel and unusual punishment. On Friday January 2, 2015 I was taken into custody by Ionia County Jail. When placed inside of a holding cell I noticed that I was under observation through telepathy. Being able to hear and understand voices came about from going through a process of trial and error prior to arriving at the County Jail. Even though I never received a forensic examination to confirm that I can in fact communicate between minds by means other than sensory perception, I managed to the best of my ability to keep a daily log of my experiences adjusting to the presence of the voices and their melifluous sound. Back in 2011 is when I first realized that "mind reading" was somewhat real. When I reported my experiences to mental health professionals the most treatment I have ever received have been psychological evaluations and medication. But I have never been officially introduced to telepathy. A year and a month prior to 1/2/2015, I heard a voice say I was "under arrest by the Federal Government." This was while I was in prison at Bellamy Creek Correctional Facility. Hearing that I was under arrest had been the only thing to support me during my process of trial and error – psychosis. So when I arrived to jail on 1/2/2015 I knew that I was still "in custody" but wasn't sure of it's legality due to the threats, insults, and plots I was bing forced to listen to, synched to other feelings "maybe" from a chemical irritant device and/or shock machine. After so long of trying to dismiss the voices to no avail I found the courage to continue on exhausting my administrative remedies (e.g., writing the Ionia County Prosecuting Attorney, Jail Staff, and community mental health, then Federal District Court) which leads me up til now. Recently in the past several weeks I have been requesting that staff contact the U.S. Marshal to conduct an emergency investigation but to no avail.

(Compl., docket #1, Page ID#3 (verbatim).) Plaintiff seeks a attorney to conduct his claim and an "emergency rescue team (e.g., a U.S. Marshal and Forensic Examiner) to free me from being held hostage through telepathy." (*Id.* at 4.)

---

[1]Plaintiff sues the Ionia County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Ionia County.

## Discussion

I.     Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.  *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

Plaintiff's allegations lack a rational basis in fact.  Plaintiff alleges that the jail is forcing him to hear voices and that he is being held hostage through telepathy.  Such allegations are plainly irrational.  Accordingly, the Court will dismiss Plaintiff's action because it is frivolous.  *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint

alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  August 4, 2015                        /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge

- 4 -